## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CLEARBROOK, an Illinois corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | FILED: JUNE 6, 2008 |
| ROOFLIFTERS, LLC; ROOFLIFTERS HOLDING | ) | 08CV3276 |
| CORP.; ROOFLIFTERS EQUIPMENT LLC; | ) | JUDGE KOCORAS |
| ROOFLIFTERS GENERAL CONTRACTING LLC; | ) | MAGISTRATE JUDGE COX |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | EDA |

## NOTICE OF REMOVAL

Defendant, ROOFLIFTERS, LLC; ROOFLIFTERS HOLDING CORP.; ROOFLIFTERS

EQUIPMENT LLC; ROOFLIFTERS GENERAL CONTRACTING LLC, by and through its

attorneys, LITCHFIELD CAVO, LLP., and pursuant to 28 U.S.C. §1446(a) and 1453(b), hereby

removes the above captioned action, pending in the Circuit Court of Cook County, Illinois  as

Case No. 2008 CH 12377 to the United States District Court for the Northern District of Illinois,

Eastern Division.   Removal is based upon 28 U.S.C. § 1331 and 1441. For their petition, the

defendants state as follows:

1.      Plaintiff, CLEARBROOK, on behalf of itself and purportedly for a class of those

similarly situated, filed a complaint with the Circuit Court of Cook County, Illinois (the "State

Court Case").  The State Court Case was given Case No. 2008 CH 12377.

2.      The State Court Case alleges a violation of the federal Telephone Consumer

Protection Act of 1991, 47 U.S.C. § 227 ("TCPA"), violation of the Illinois Consumer Fraud

Action ("ICFA"), 815 ILCS 505/2, et.seq., and a common law claim for conversion. A true copy

of the Complaint, together with its exhibits, and all process and pleadings served is attached hereto as Exhibit A.

3.    This Court has jurisdiction over Plaintiff's putative class action because it arises under the laws of the United States, specifically the TCPA

4.    The State Court alleges that Defendant violated §227(b)(1)(C) of the TCPA by sending a unsolicited facsimile. Plaintiff further alleges that §227(b)(3) provides Plaintiff with a private right of actions for violations on the TCPA.

5.    This Court possesses original jurisdiction over all cases arising under the laws of the United States. 28 U.S.C. §1331. In the State Court Case, Plaintiff seeks recovery under the TCPA, a federal statute. See, Brill v. Countrywide Home Lonas, Inc., 427 F. 3d 446, 449-51(7th Cir. 2005)

6.    This Court possesses removal jurisdiction under 28 U.S.C. §1441(a). TCPA actions may be removed because a claim that a business violated the TCPA is a claim under federal law. See, Brill at 449.

7.    This Court has supplemental jurisdiction over Plaintiff's ICFA and common law conversion claims because they are so related to the TCPA claim that they form part of the same cause or controversy. See 28 U.S.C. §1367. Supplemental jurisdiction should not be refused, as Plaintiff's claims raise no novel or complex issue of state law, nor do Plaintiff's state or common law claims predominate over its federal claim. See 28 U.S.C. § 1367(c).

8.    Plaintiff filed with the State Court Case on April 2, 2008. On May 7, 2008 ROOFLIFTERS, LLC; ROOFLIFTERS HOLDING CORP.; ROOFLIFTERS EQUIPMENT LLC; ROOFLIFTERS GENERAL CONTRACTING LLC was served with the Summons and Complaint in the State Court Case on 2008 CH 12377.

9. As such, this notice is being filed with the U.S. District Court for the Northern District of Illinois on June 6, 2008 within 30 days of determining that the case was removable to this Court. See 28 U.S.C. §1446(b)

10. This Court is situated in the district and division serving the location of the action pursuant to 28 U.S.C. §1446(a).

11. ROOFLIFTERS,LLC; ROOFLIFTERS HOLDING CORP.; ROOFLIFTERS EQUIPMENT LLC; ROOFLIFTERS GENERAL CONTRACTING LLC is the only known defendant to have been served. Purported defendants "John Doe Nos. 1-10" are unknown even to Plaintiff, and have not been served, nor any other summons issued.

12. Defendant ROOFLIFTERS, LLC; ROOFLIFTERS HOLDING CORP.; ROOFLIFTERS EQUIPMENT LLC; ROOFLIFTERS GENERAL CONTRACTING LLC has also filed its "Notice of Filing Notice of Removal" with the Circuit Court of Cook County. A true copy of the Notice is attached hereto as Exhibit B and will be served upon Plaintiff's counsel pursuant to 28 U.S.C. §1446(a) and (d).

13. This Notice of Removal is signed in compliance with Fed. R. Civ. Pro. 11.

14. In the event Plaintiff moves for remand, or this Court considers remand sua sponte, ROOFLIFTERS, LLC; ROOFLIFTERS HOLDING CORP.; ROOFLIFTERS EQUIPMENT LLC; ROOFLIFTERS GENERAL CONTRACTING LLC respectfully requests the opportunity to submit supplemental authority, evidence and argument in support of removal, as may be appropriate.

WHEREFORE, this Action should proceed in the United States District Court for the Northern District of Illinois, Eastern Division as an action properly removed thereto.

Dated: June 6, 2008

Respectfully submitted,

ROOFLIFTERS, LLC; ROOFLIFTERS HOLDING
CORP.; ROOFLIFTERS EQUIPMENT LLC;
ROOFLIFTERS GENERAL CONTRACTING
LLC,
Defendant


By:      /s/ Stephanie W. Tipton
         One of Its Attorneys


Alan I. Becker (00147524)
Stephanie W. Tipton (06270738)
Erin A. Potempa (06283772)
LITCHFIELD CAVO, LLP
303 West Madison Street, Suite 300
Chicago, IL  60606
312-781-6636 (Tipton)
312-781-6630 (fax)

4

EDA

Atty. No. 41106

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

CLEARBROOK, an Illinois corporation,       )
                                              )
       Plaintiff,       )
                                              )
       v.       )
                                              )
ROOFLIFTERS, LLC;       )
ROOFLIFTERS HOLDING CORP.;       )
ROOFLIFTERS EQUIPMENT LLC;       )
ROOFLIFTERS GENERAL CONTRACTING       )
LLC; and JOHN DOES 1-10,       )
                                              )
       Defendants.       )

2008CH12377
CALENDAR/ROOM 10
TIME 00:00
Class Action

DOROTHY
CLERK OF CIRCUIT COURT
PROBATE DIVISION
2008 APR -2 PM 3:25
FILED

## COMPLAINT – CLASS ACTION

## MATTERS COMMON TO MULTIPLE COUNTS

## INTRODUCTION

    1.    Plaintiff Clearbrook, an Illinois corporation, brings this action to secure redress for the actions of defendants Rooflifters, LLC; Rooflifters Holding Corp.; Rooflifters Equipment LLC; and Rooflifters General Contracting LLC, in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

    2.    The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause

1


PLAINTIFF'S
EXHIBIT
A

wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

## PARTIES

3.     Plaintiff Clearbrook, an Illinois corporation, is a corporation with offices in Cook County, Illinois, where it maintains telephone facsimile equipment.

4.     Defendant Rooflifters, LLC is a limited liability company chartered under Florida law that has offices at 10393 SW 186th St., Miami, FL 33157. It does business under the trade name "Rooflifters." Its manager is Martin Shiff.

5.     Defendant Rooflifters Holding Corp. is a corporation chartered under Florida law that has offices at 10393 SW 186th St., Miami, FL 33157. Its officers and directors are Martin Shiff and Daniel Siegel.

6.     . Defendant Rooflifters Equipment LLC is a limited liability company chartered under Florida law that has offices at 10393 SW 186th St., Miami, FL 33157. Its manager is Martin Shiff.

7.     Defendant Rooflifters General Contracting LLC is a limited liability company chartered under Florida law that has offices at 10393 SW 186th St., Miami, FL 33157. Its manager is Martin Shiff.

8.     All of the defendants use the name "Rooflifters" without distinction between the several entities.

9.     All of the defendants are engaged in the business of providing equipment and services used in increasing the height of buildings.

10.    All of the defendants have a common website, www.rooflifters.com, and a

2 .

common telephone number.

11. All of the defendants state on their website that their officers are Marty Shiff, CEO, Mason Harris, VP Operations, Richard Goldman, VP Finance and Accounting, Brian Holroyd, VP Business Development, and Samuel Jacob, Senior Estimator and Project Manager.

12.    Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below.  Plaintiff does not know who they are.

### JURISDICTION AND VENUE

13.    Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

a.    Have committed tortuous acts in Illinois by causing the transmission of unlawful communications into the state.

b.    Have transacted business in Illinois.

### FACTS

14.    On February 14, 2008, plaintiff Clearbrook received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

15.    Discovery may reveal the transmission of additional faxes as well.

16.    Defendants Rooflifters, LLC; Rooflifters Holding Corp.; Rooflifters Equipment LLC;  and Rooflifters General Contracting LLC; are  responsible for sending or causing the sending of the faxes.

17.    The fax promoted products and services offered by defendants Rooflifters, LLC; Rooflifters Holding Corp.; Rooflifters  Equipment LLC;  and Rooflifters General Contracting LLC.  That is, Rooflifters Equipment LLC provides the equipment necessary to

3

increase roof height, Rooflifters General Contracting LLC provides general contracting services

for that purpose, and so forth. All defendants derived economic benefit from the sending of the

faxes.

18.    Each fax refers to a website, www.rooflifters.com, used by defendants

Rooflifters, LLC; Rooflifters Holding Corp.; Rooflifters  Equipment LLC;  and Rooflifters

General Contracting LLC.

19.    The website states that "By providing the combined services of a design

build company, general contractor and roof lifting contractor, ROOFLIFTERS is able to

maximize cost savings for its clients as the complete source for roof lifting."

20. Plaintiff had no prior relationship with defendants and had not authorized

the sending of fax advertisements to plaintiff.

21.    The faxes have a "remove" number at the bottom that is associated with

the mass broadcasting of advertising faxes.

22.    On information and belief, the faxes attached hereto were sent as part of a

mass broadcasting of faxes.

23.    On information and belief, defendants have transmitted similar unsolicited

fax advertisements to at least 40 other persons in Illinois.

24.    There is no reasonable means for plaintiff or other recipients of

defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be

left on and ready to receive the urgent communications authorized by their owners.

25.    Furthermore, the "opt out notice" required by the TCPA even when faxes

are sent with consent or pursuant to an established business relationship was not provided in the

4

faxes at issue.

## COUNT I – TCPA

26.    Plaintiff incorporates ¶¶ 1-25.

27.    The TCPA makes unlawful the "use of any telephone facsimile machine,

computer or other device to send an unsolicited advertisement to a telephone facsimile machine

..." 47 U.S.C. §227(b)(1)(C).

28.    The TCPA,  47 U.S.C. §227(b)(3), provides:

Private right of action.

A person or entity may, if otherwise permitted by the laws or rules of court
of a State, bring in an appropriate court of that State–

(A)  an action based on a violation of this subsection or the regulations
prescribed under this subsection to enjoin such violation,

(B)  an action to recover for actual monetary loss from such a
violation, or to receive $500 in damages for each such violation,
whichever is greater, or

(C)  both such actions.

If the Court finds that the defendant willfully or knowingly violated this
subsection or the regulations prescribed under this subsection, the court
may, in its discretion, increase the amount of the award to an amount equal
to not more than 3 times the amount available under the subparagraph (B) of
this paragraph.

29.    Plaintiff and each class member suffered damages as a result of receipt of

the unsolicited faxes, in the form of paper and ink or toner consumed as a result.  Furthermore,

plaintiff's statutory right of privacy was invaded.

30.    Plaintiff and each class member is entitled to statutory damages.

31.    Defendants violated the TCPA even if their actions were only negligent.

32.    Defendants should be enjoined from committing similar violations in the

future.

## CLASS ALLEGATIONS

33.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendants promoting their goods or services for sale (d) and who were not provided an "opt out" notice that complies with federal law.

34.    The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

35.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a.    Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b.    The manner in which defendants compiled or obtained their list of fax numbers;

c.    Whether defendants thereby violated the TCPA;

d.    Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

e.    Whether defendants thereby converted the property of plaintiff.

36.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving

6

unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

37.    A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

38.    Several courts have certified class actions under the TCPA. Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 50 P.3d 844 (Ariz. App. 2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see State of Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

39.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.    Actual damages;

b.    Statutory damages;

c.    An injunction against the further transmission of unsolicited fax advertising;

7

d.    Costs of suit;

e.    Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

40.    Plaintiff incorporates ¶¶ 1-25.

41.    Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

42.    Unsolicited fax advertising is contrary to the TCPA and also Illinois law. 720 ILCS 5/26-3(b) makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

43.    Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

44.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

45.    Defendants engaged in such conduct in the course of trade and commerce.

46.    Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due". Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

8

47.    Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair. In addition, defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

48.    Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

49.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date 3 years prior to the filing of this action and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendants promoting their goods or services for sale (d) and who were not provided an "opt out" notice that complies with federal law.

50.    The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

51.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a.    Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b.    Whether defendants thereby violated the TCPA;

c.    Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

d.    Whether defendants thereby converted the property of plaintiff.

9

52.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

53.    A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

54.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.    Appropriate damages;

b.    An injunction against the further transmission of unsolicited fax advertising;

c.    Attorney's fees, litigation expenses and costs of suit;

d.    Such other or further relief as the Court deems just and proper.

## COUNT III – CONVERSION

55.    Plaintiff incorporates ¶¶ 1-25.

56.    By sending plaintiff and the class members unsolicited faxes, defendants converted to their own use ink or toner and paper belonging to plaintiff and the class members.

57.    Immediately prior to the sending of the unsolicited faxes, plaintiff and the

10

class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

58.    By sending the unsolicited faxes, defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable.  Such appropriation was wrongful and without authorization.

59.    Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

60.    Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose.   Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

61.    Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

62.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date 5 years prior to the filing of this action, and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendants promoting their goods or services for sale (d) and who were not provided an "opt out" notice that complies with federal law.

63.    The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

64.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common

11

questions include:

         a.     Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

         b.     Whether defendants thereby violated the TCPA;

         c.     Whether defendants thereby committed the tort of conversion;

         d.     Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

         e.     Whether defendants thereby converted the property of plaintiff.

     65.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

     66.    A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

     67.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

     WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

         a.     Appropriate damages;

         b.     An injunction against the further transmission of unsolicited fax

advertising;

          c.        Costs of suit;

          d.        Such other or further relief as the Court deems just and proper.

_____
              Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
Julie Clark
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106

T:\21184\Pleading\Complaint_Pleading.wpd

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

_____
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
  & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

14

MAY-30-2008  15:21        ECLG LLC                                3124190379    P.16

# EXHIBIT A

MAY-30-2008  15:21          ECLG LLC                                    3124190379    P.17
         FaxID: BCAST49985-1552          Rooflifters 866-331-6150                02/14/2008 16:56:00EST Page 1 of 1

# Need More Clear Height In Your Building ?

## Then you've got to read this !

In today's competitive market, many buildings are becoming functionally obsolete due to their lack of adequate clear height. These structures however can become a powerful income producing asset through the simple modernization process of **RAISING THE EXISTING ROOF.**

**Benefits of lifting the roof:**
* Ideal solution where the economics and logistics of relocating or constructing a new facility are not feasible.
* Minimize costs and environmental impact by utilizing existing walls, roof structure, framework and services.
* Minimize regulations, zoning restrictions and taxes associated with new construction.
* Minimize disruption of business or production downtime as the roof can be lifted complete or in sections.
* Create space for mezzanine or second floor construction.

**Roof lifting has been labeled "the Green alternative" by industry professionals because:**
* The expansion of a property is upwards, so no new land is necessary.
* Little or no waste product to dispose of, therefore no adding to landfills.
* 90% of existing materials are reused, or recycled in the process.

## To date ROOFLIFTERS™ has raised over 6 million square feet of roofs across North America!

☐ **YES, Please contact me about this process and a FREE BUDGET cost.**
☐ No, Please remove me from your list, I prefer no further contact.

Call us today for more information about roof lifting and how this process can improve your space needs.
**TOLL FREE: 866-331-6150**
or
**PLEASE FAX TO: 866-331-6243**

Company: _____

Contact Name: _____

Telephone: _____

Email Address: _____

**I prefer to be contacted via:**
☐ Email        ☐ Telephone        ☐ I will visit www.rooflifters.com

To opt out from future faxes go to www.deletemyfaxnumber.com enter Pin # 14609, or call (877) 284-7887.

TOTAL P.17

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| CLEARBROOK, an Illinois corporation, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08 CH 12377 |
| | ) |
| ROOFLIFTERS, LLC; ROOFLIFTERS HOLDING | ) |
| CORP.; ROOFLIFTERS EQUIPMENT LLC; | ) |
| ROOFLIFTERS GENERAL CONTRACTING LLC; | ) |
| and JOHN DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF FILING

To:   Clerk of Circuit Court          Daniel A. Edelman
      Cook County, Illinois            Cathleen M. Combs
      Richard Daley Center             James A. Latturner
      50 W. Washington St.             Tara Goodwin
      Chicago, IL 60602                Julie Clark
                                       Edelman, Combs, Latturner & Goodwin, LLC
                                       120 S. LaSalle St., 18th Fl.
                                       Chicago, IL 60603

Please take notice that on June 6, 2008   Defendant Rooflifter, LLC, Rooflifters Holding Corp.; Rooflifters Equipment LLC.; Rooflifters General Contracting, LLC filed in the  United States District Court for the Northern District of Illinois, Eastern Division, a Notice of Removal of the cause styled *Clearbrook v. Rooflifter, LLC, Rooflifters Holding Corp.; Rooflifters Equipment LLC.; Rooflifters General Contracting, LLC* 2008 CH 12377 Circuit Court of Cook County, Illinois Chancery Division, from Illinois State Court to United States District Court for the Northern District of Illinois a true and correct copy of which is attached hereto.

PLEASE TAKE FURTHER NOTICE that the filing of the Notice of Removal in the United States District Court for the Northern District of Illinois and the filing of this Notice effect the removal of this action, and the above-captioned action may proceed no further in the Circuit Court of Cook County Illinois Chancery Division unless and until the case is remanded.

Dated June 6, 2008

8



PLAINTIFF'S EXHIBIT

Respectfully submitted,

ROOFLIFTERS, LLC; ROOFLIFTERS HOLDING
CORP.; ROOFLIFTERS EQUIPMENT LLC;
ROOFLIFTERS GENERAL CONTRACTING
LLC,
Defendant

By: _____
One of Its Attorneys

Alan I. Becker (00147524)
Stephanie W. Tipton (06270738)
Erin A. Potempa (06283772)
LITCHFIELD CAVO, LLP
303 West Madison Street, Suite 300
Chicago, IL 60606
312-781-6636 (Tipton)
312-781-6630 (fax)

9

## CERTIFICATE OF SERVICE

I, Stephanie W. Tipton, an attorney, under oath, certify that I served a copy of the Notice of Filing of Removal and attached Notice of Removal upon:

Clerk of Circuit Court
Cook County, Illinois
Richard Daley Center
50 W. Washington St.
Chicago, IL 60602

Daniel A. Edelman
Cathleen M. Combs
James A. Latturner
Tara Goodwin
Julie Clark
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle St., 18th Fl.
Chicago, IL 60603

By causing copies of the same to be placed in U.S. mail, postage pre-paid this 6th day of June, 2008

Stephanie W. Tipton

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CLEARBROOK, an Illinois corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | FILED: JUNE 6, 2008 |
| ROOFLIFTERS, LLC; ROOFLIFTERS HOLDING | ) | 08CV3276 |
| CORP.; ROOFLIFTERS EQUIPMENT LLC; | ) | |
| ROOFLIFTERS GENERAL CONTRACTING LLC; | ) | JUDGE KOCORAS |
| and JOHN DOES 1-10, | ) | MAGISTRATE JUDGE COX |
| | ) | |
| Defendants. | ) | |
| | ) | EDA |

### NOTICE OF FILING

To:    Clerk of Circuit Court          Daniel A. Edelman
       Cook County, Illinois          Cathleen M. Combs
       Richard Daley Center           James A. Latturner
       50 W. Washington St.           Tara Goodwin
       Chicago, IL 60602              Julie Clark
                                      Edelman, Combs, Latturner & Goodwin, LLC
                                      120 S. LaSalle St., 18th Fl.
                                      Chicago, IL 60603


Please take notice that on June 6, 2008   the undersigned filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, Rooflifter, LLC, Rooflifters Holding Corp.; Rooflifters Equipment LLC.; Rooflifters General Contracting, LLC's Notice of Removal, a true and correct copy of which is attached hereto and hereby served upon you.

Dated June 6, 2008

                          Respectfully submitted,

                          ROOFLIFTERS, LLC; ROOFLIFTERS HOLDING
                          CORP.; ROOFLIFTERS EQUIPMENT LLC;
                          ROOFLIFTERS GENERAL CONTRACTING
                          LLC,
                          Defendant


                   By:    /s/ Stephanie W. Tipton
                          One of Its Attorneys

1

Alan I. Becker (00147524)
Stephanie W. Tipton (06270738)
Erin A. Potempa (06283772)
LITCHFIELD CAVO LLP
303 West Madison Street, Suite 300
Chicago, IL  60606
312-781-6636 (Tipton)
312-781-6630 (fax)

**CERTIFICATE OF SERVICE**

I, Stephanie W. Tipton, an attorney, under oath, certify that I served a copy of the Notice of Filing of Removal and attached Notice of Removal upon:

Clerk of Circuit Court           Daniel A. Edelman
Cook County, Illinois            Cathleen M. Combs
Richard Daley Center             James A. Latturner
50 W. Washington St.             Tara Goodwin
Chicago, IL 60602                Julie Clark
                                 Edelman, Combs, Latturner & Goodwin, LLC
                                 120 S. LaSalle St., 18th Fl.
                                 Chicago, IL 60603

By causing copies of the same to be placed in U.S. mail, postage pre-paid this 6th day of June, 2008

_____
Stephanie W. Tipton

3