## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CLEARBROOK, an Illinois corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 CV 3276 |
| | ) | |
| ROOFLIFTERS, LLC; ROOFLIFTERS HOLDING | ) | Judge Kocoras |
| CORP.; ROOFLIFTERS EQUIPMENT LLC; | ) | |
| ROOFLIFTERS GENERAL CONTRACTING LLC; | ) | Magistrate Judge Cox |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ROOFLIFTERS, LLC; ROOFLIFTERS HOLDING CORP.; ROOFLIFTERS EQUIPMENT LLC; ROOFLIFTERS GENERAL CONTRACTING LLC; ANSWER TO COMPLAINT – CLASS ACTION

### MATTERS COMMON TO MULTIPLE COUNTS

Defendants, Rooflifters, LLC, Rooflifters Holding Corp., Rooflifters Equipment LLC; Rooflifters General Contracting LLC, ("Rooflifters") by and through their counsel, answer Plaintiff Clearbrook's class action complaint as follows:

### INTRODUCTION

1.     Plaintiff Clearbrook, an Illinois corporation, brings this action to secure redress for the actions of defendants Rooflifters, LLC; Rooflifters Holding Corp.; Rooflifters Equipment LLC; and Rooflifters General Contracting LLC, in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

**ANSWER:**     Paragraph 1 is a legal conclusion to which no answer is required. To the extent

that an answer is required, Defendants deny the allegations contained in ¶ 1.

2.     The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause

wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

**ANSWER:**    Paragraph 2 is a legal conclusion to which no answer is required. To the extent

that an answer is required, Defendants deny the allegations contained in ¶2.


## PARTIES

3.    Plaintiff Clearbrook, an Illinois corporation, is a corporation with offices in Cook County, Illinois, where it maintains telephone facsimile equipment.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations contained in ¶3.


4.    Defendant Rooflifters, LLC is a limited liability company chartered under Florida law that has offices at 10393 SW 186th St., Miami, FL 33157. It does business under the trade name "Rooflifters." Its manager is Martin Shiff.

**ANSWER:**    Defendants admit the allegations contained in ¶4.


5.    Defendant Rooflifters Holding Corp. is a corporation chartered under Florida law that has offices at 10393 SW 186th St., Miami, FL 33157. Its officers and directors are Martin Shiff and Daniel Siegel.

**ANSWER:**    Defendants admit the allegations contained in ¶5 as to Martin Shiff but deny the

same as to Daniel Siegel, who is deceased.


6.    Defendant Rooflifters Equipment LLC is a limited liability company chartered under Florida law that has offices at 10393 SW I86th St., Miami, FL 33157. Its manager is Martin Shiff.

**ANSWER:**    Defendants admit the allegations contained in ¶6.

7.    Defendant Rooflifters General Contracting LLC is a limited liability company chartered under Florida law that has offices at 10393 SW 186th St., Miami, FL 33157. Its manager is Martin Shiff.

**ANSWER:**    Defendants admit the allegations contained in ¶7.


8.    All of the defendants use the name "Rooflifters" without distinction between the several entities.

**ANSWER:**    Defendants deny the allegations contained in ¶ 8.


9.    All of the defendants are engaged in the business of providing equipment and services used in increasing the height of buildings.

**ANSWER:**    Defendants admit the allegations contained in ¶9 as to Rooflifters, LLC;

Rooflifters Equipment LLC; and Rooflifters General Contracting LLC but deny the allegations

contained in ¶9 as to Rooflifters Holding Corp.


10.    All of the defendants have a common website, www.rooflifters.com., and a common telephone number.

**ANSWER:**    Defendants admit the allegations contained in ¶10 as to Rooflifters, LLC;

Rooflifters Equipment LLC; and Rooflifters General Contracting LLC but deny the allegations

contained in ¶10 as to Rooflifters Holding Corp.


11.    All of the defendants state on their website that their officers are Marty Shiff, CEO, Mason Harris, VP Operations, Richard Goldman, VP Finance and Accounting, Brian Holroyd, VP Business Development, and Samuel Jacob, Senior Estimator and Project Manager.

**ANSWER:**    Defendants admit the allegations contained in ¶11 as to Marty Shiff  but deny the

remaining allegations contained in ¶11.

12.     Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below.  Plaintiff does not know who they are.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations contained in ¶ 12.


## JURISDICTION AND VENUE

13.     Personal jurisdiction exists under 735 ILCS 512-209, in that defendants:

   a.     Have committed tortuous acts in Illinois by causing the transmission of unlawful communications *into* the state.

   b.     Have transacted business in Illinois.

**ANSWER:**     Defendants deny the allegations contained in ¶ 13.


## FACTS

14.     On February 14, 2008, plaintiff Clearbrook received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations contained in ¶ 14.


15.     Discovery may reveal the transmission of additional faxes as well.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations contained in ¶ 15.


16.     Defendants Rooflifters, LLC; Rooflifters Holding Corp.; Rooflifters Equipment LLC; and Rooflifters General Contracting LLC are responsible for sending or causing the sending of the faxes.

**ANSWER:**    Paragraph 16 is a legal conclusion to which no answer is required. To the extent

that an answer is required, Defendants deny the allegations contained in ¶ 16.

17.    The fax promoted products and services offered by defendants Rooflifters, LLC; Rooflifters Holding Corp.; Rooflifters Equipment LLC; and Rooflifters General Contracting LLC. That is, Rooflifters Equipment LLC provides the equipment necessary to increase roof height, Rooflifters General Contracting LLC provides general contracting services for that purpose, arid so forth. All defendants derived economic benefit from the sending of the faxes.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to

whether Rooflifters, LLC; Rooflifters Equipment LLC; and Rooflifters General Contracting LLC

derived economic benefit from Exhibit A to the Complaint but deny the same as to Rooflifters

Holding Corp.  Further, they neither admit nor deny the remaining allegations contained in ¶17

as Exhibit A speaks for itself.

18.    Each fax refers to a website, www.rooflifters.com, used by defendants Rooflifters, LLC; Rooflifters Holding Corp.; Rooflifters Equipment LLC; and Rooflifters General Contracting LLC.

**ANSWER:**    Defendants admit that Exhibit A to the Complaint refers to www.rooflifters.com

and further admit that Rooflifters, LLC; Rooflifters Equipment LLC; and Rooflifters General

Contracting LLC use this website.  Defendants deny all remaining the allegations contained in

¶18.

19.    The website states that "By providing the combined services of a design build company, general contractor and roof lifting contractor, ROOFLIFTERS is able to maximize cost savings for its clients as the complete source for roof lifting."

**ANSWER:**    Defendant admits the allegations contained in ¶19.

20.    Plaintiff had no prior relationship with defendants and had not authorized the sending of fax advertisements to plaintiff.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 20.

21.    The faxes have a "remove" number at the bottom that is associated with the mass broadcasting of advertising faxes.

**ANSWER:**    Defendants lack sufficient knowledge or information to answer this    paragraph, as the phrase "mass broadcasting of faxes" is ambiguous; therefore, they deny the allegations contained in ¶ 21.

22.    On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

**ANSWER:**    Defendants lack sufficient knowledge or information to answer this paragraph, as the phrase "mass broadcasting of faxes" is ambiguous; therefore, they deny the allegations contained in ¶ 22.

23.    On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

**ANSWER:** Defendants lack sufficient knowledge or information to answer this paragraph, as the phrase "transmitted similar unsolicited fax advertisements" is ambiguous; therefore, they deny the allegations contained in ¶ 23.

24.    There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

**ANSWER:**    Defendants deny the allegations contained in ¶ 24.

25.    Furthermore, the "opt out notice" required by the TCPA even when faxes are sent with consent or pursuant to an established business relationship was not provided in the faxes at issue.

**ANSWER:**    Paragraph 25 is a legal conclusion to which no answer is required. To the extent

that an answer is required, Defendants deny the allegations contained in ¶ 25.

## COUNT I - TCPA

26.    Plaintiff incorporates ¶1 I-25.

**ANSWER:**    Defendants incorporate their Answers to Paragraphs 1-25 as if fully stated here.

27.    The TCPA. makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

**ANSWER:**    Defendants neither admit nor deny the allegations contained in ¶ 27, as 47 U.S.C.

§227(b)(1)(C) speaks for itself, and Plaintiff's characterization is a conclusion of

law to which no response is required.

28.    The TCPA, 47 U.S.C. §227(b)(3), provides:

Private right of action.

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State--**

**(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

**(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such**

7

**violation, whichever is greater, or**

**(C)  both such actions.**

**If the Court finds that the defendants willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (13) of this paragraph**.

**ANSWER:**  Paragraph 28 is a legal conclusion to which no answer is required. To the extent

that an answer is required, Defendants deny the allegations contained in ¶ 28.


29.  Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

**ANSWER:**  Paragraph 29 is a legal conclusion to which no answer is required. To the extent

that an answer is required, Defendants deny the allegations contained in ¶ 29.


30.  Plaintiff and each class member is entitled to statutory damages.

**ANSWER:**  Paragraph 30 is a legal conclusion to which no answer is required. To the extent

that an answer is required, Defendants deny the allegations contained in ¶ 30.


31.  Defendants violated the TCPA even if their actions were only negligent.

**ANSWER:**  Paragraph 31 is a legal conclusion to which no answer is required. To the extent

that an answer is required, Defendants deny the allegations contained in ¶ 31.


32.  Defendants should be enjoined from committing similar violations in the future.

**ANSWER:**  Paragraph 32 is a legal conclusion to which no answer is required. To the extent

that an answer is required, Defendants deny the allegations contained in ¶ 32.

## CLASS ALLEGATIONS

33.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendants promoting their goods or services for sale (d) and who were not provided an "opt out" notice that complies with federal law.

**ANSWER:**    Defendants deny the allegations contained in ¶ 33.

34.    The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations contained in ¶ 34.

35.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a.    Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b.    The manner in which defendants compiled or obtained their list of fax numbers;

c.    Whether defendants thereby violated the TCPA;

d.    Whether defendants thereby engaged in unfair acts and practices, in violation of the ICPA.

e.    Whether defendants thereby converted the property of plaintiff.

**ANSWER:**    Defendants deny the allegations contained in ¶ 35.

36.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business

practices. Neither plaintiff nor plaintiffs counsel have any interests which might cause them not to vigorously pursue this action.

**ANSWER:**    Defendants deny the allegations contained in ¶ 36.

 

      37.    A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

**ANSWER:**    Defendants deny the allegations contained in ¶ 37.

 

      38.    Several courts have certified class actions under the T P A .  Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit. Inc., 50 P.3d 844 (Ariz. App. 2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of Augusta, Inc. 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see State of Texas v. American Blast Fax, Inc.,164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

**ANSWER:**    Defendants neither admit nor deny the allegations contained in ¶ 38, as the cited

                cases speaks for themselves and none of them are binding precedent on this Court.

 

      39.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

**ANSWER:**    Defendants deny the allegations contained in ¶ 39.

 

## <u>COUNT II – ILLINOIS CONSUMER FRAUD ACT</u>

      Rooflifters, LLC, Rooflifters Holding Corp., Rooflifters Equipment LLC; Rooflifters

General Contracting LLC provide no answer to Count II as that Count is currently subject to a

motion to dismiss.

      Wherefore,  Defendants  Rooflifters,  LLC.,  Rooflifters  Holding  Corp.,  Rooflifters

Equipment LLC; Rooflifters General Contracting LLC request entry of judgment in its favor and against plaintiff, Clearbrook, all costs incurred in defending this claim, and any further relief this Court deems just and appropriate.

## COUNT III - CONVERSION

Rooflifters, LLC, Rooflifters Holding Corp., Rooflifters Equipment LLC; Rooflifters General Contracting LLC. provide no answer to Count III as that Count is currently subject to a motion to dismiss.

Wherefore, Defendants Rooflifters, LLC, Rooflifters Holding Corp., Rooflifters Equipment LLC; Rooflifters General Contracting LLC request entry of judgment in its favor and against plaintiff, Clearbrook, all costs incurred in defending this claim, and any further relief this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The TCPA violates the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

### SECOND AFFIRMATIVE DEFENSE

The TCPA violates the Fifth and Fourteenth Amendments of the United States Constitution under the void-for–vagueness doctrine.

### THIRD AFFIRMATIVE DEFENSE

The TCPA violates the excessive fines clause of the Eighth Amendment of the Unites States Constitution.

WHEREFORE, Defendants Rooflifters, LLC, Rooflifters Holding Corp., Rooflifters Equipment LLC; Rooflifters General Contracting LLC request entry of judgment in its favor and against plaintiff, Clearbrook, all costs incurred in defending this claim, and any further relief this Court deems just and appropriate

Dated: July 7, 2008                                Respectfully submitted,


                                                   By:  ___/s/ Stephanie W. Tipton_____
                                                        One of Its Attorneys

Alan I. Becker (00147524)
Stephanie W. Tipton (06270738)
Erin A. Potempa (06283772)
LITCHFIELD CAVO, LLP
303 West Madison Street, Suite 300
Chicago, IL  60606
312-781-6622 (Becker)
312-781-6636 (Tipton)
312-781-6570
312-781-6630 (fax)

## PROOF OF SERVICE

I, Stephanie W. Tipton, an attorney, hereby certify that the Defendants Rooflifters, LLC;

Rooflifters Holding Corp.; Rooflifters Equipment, LLC Answer to Complaint – Class Action

was served on the following:

Daniel A. Edelman
Cathleen M. Combs
James A. Latturner
Tara Goodwin
Julie Clark
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle St., 18th Fl.
Chicago, IL 60603

via electronic service and by depositing same in the U.S. Mail Chute at 303 West Madison

Street, Chicago, Illinois, 60606 on July 7, 2008, before 5:00 p.m., with proper postage prepaid.

13