IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLEARBROOK, an Illinois corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | 08 C 3276 |
| ROOFLIFTERS, LLC; | ) | |
| ROOFLIFTERS HOLDING CORP.; | ) | Judge Kocoras |
| ROOFLIFTERS EQUIPMENT LLC; | ) | |
| ROOFLIFTERS GENERAL CONTRACTING | ) | Magistrate Judge Cox |
| LLC; and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff Clearbrook, an Illinois corporation, by and through its attorneys respectfully requests that the Court enter an order granting it leave to amend its complaint and deem the amended complaint filed *instanter*. A copy of plaintiff's proposed Amended Complaint is attached hereto as Appendix A.

In support of its motion, plaintiff states:

1. This action was filed in state court on April 2, 2008

2. Defendant filed a notice of removal on June 6, 2008.

3. On July 7, 2008, defendant filed a Motion to Dismiss Counts II and III of plaintiff's complaint.

4. Plaintiff now seeks to amend its complaint in order to remove Counts II and III and alter the jurisdictional allegations relating to Count I.

5. Fed.R.Civ.Proc. 15(a) provides that "leave [to file an amended complaint]

shall be freely given when justice so requires."  A district court should only deny a motion to amend a complaint if there is a substantial reason to do so.  Espey v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1984)  ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial");  Dussouy v. Gulf Coast Investment Corp., 660 F.2d 748, 597 (5th Cir. 1981).

6.	The amendments will not cause any prejudice to the defendant.  See  Hely & Patterson Intern v. F.D. Rich Housing, 663 F.2d 419, 426 (3d Cir. 1981) ("In the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely"); Head v. Timken Roller Bearing Co., 486 F.2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . .").

7.	Plaintiff files its motion in good faith and for good cause.

WHEREFORE, Clearbrook, an Illinois corporation, respectfully requests that the Court enter an order granting it leave to file the amended complaint attached hereto as Appendix A, and deem it filed *instanter*.

             Respectfully submitted,

              /s/ Julie Clark
             Julie Clark

Daniel A. Edelman
Julie Clark
EDELMAN, COMBS LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

2

**CERTIFICATE OF SERVICE**

   I, Julie Clark, certify that on  July 11, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Stephanie W. Tipton
tipton@litchfieldcavo.com


                /s/Julie Clark
                Julie Clark

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Julie Clark
EDELMAN, COMBS, LATTURNER
  & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

# APPENDIX A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLEARBROOK, an Illinois corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | 08 C 3276 |
| ROOFLIFTERS, LLC; ) | |
| ROOFLIFTERS HOLDING CORP.; ) | Judge Kocoras |
| ROOFLIFTERS EQUIPMENT LLC; ) | |
| ROOFLIFTERS GENERAL CONTRACTING ) | Magistrate Judge Cox |
| LLC; and JOHN DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

## FIRST AMENDED COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Clearbrook, an Illinois corporation, brings this action to secure redress for the actions of defendants Rooflifters, LLC; Rooflifters Holding Corp.; Rooflifters Equipment LLC; and Rooflifters General Contracting LLC, in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2. The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

1

## PARTIES

3. Plaintiff Clearbrook, an Illinois corporation, is a corporation with offices in Cook County, Illinois, where it maintains telephone facsimile equipment.

4. Defendant Rooflifters, LLC is a limited liability company chartered under Florida law that has offices at 10393 SW 186th St., Miami, FL 33157. It does business under the trade name "Rooflifters." Its manager is Martin Shiff.

5. Defendant Rooflifters Holding Corp. is a corporation chartered under Florida law that has offices at 10393 SW 186th St., Miami, FL 33157. Its officers and directors are Martin Shiff and Daniel Siegel.

6. Defendant Rooflifters Equipment LLC is a limited liability company chartered under Florida law that has offices at 10393 SW 186th St., Miami, FL 33157. Its manager is Martin Shiff.

7. Defendant Rooflifters General Contracting LLC is a limited liability company chartered under Florida law that has offices at 10393 SW 186th St., Miami, FL 33157. Its manager is Martin Shiff.

8. All of the defendants use the name "Rooflifters" without distinction between the several entities.

9. All of the defendants are engaged in the business of providing equipment and services used in increasing the height of buildings.

10. All of the defendants have a common website, www.rooflifters.com, and a common telephone number.

11. All of the defendants state on their website that their officers are Marty

Shiff, CEO, Mason Harris, VP Operations, Richard Goldman, VP Finance and Accounting, Brian Holroyd, VP Business Development, and Samuel Jacob, Senior Estimator and Project Manager.

12. Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1367.

14. Venue and personal jurisdiction in this District are proper because:

    a. Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

    b. Have transacted business in Illinois.

## FACTS

15. On February 14, 2008, plaintiff Clearbrook received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

16. Discovery may reveal the transmission of additional faxes as well.

17. Defendants Rooflifters, LLC; Rooflifters Holding Corp.; Rooflifters Equipment LLC; and Rooflifters General Contracting LLC; are responsible for sending or causing the sending of the faxes.

18. The fax promoted products and services offered by defendants Rooflifters, LLC; Rooflifters Holding Corp.; Rooflifters Equipment LLC; and Rooflifters General Contracting LLC. That is, Rooflifters Equipment LLC provides the equipment necessary to

increase roof height, Rooflifters General Contracting LLC provides general contracting services for that purpose, and so forth. All defendants derived economic benefit from the sending of the faxes.

19. Each fax refers to a website, www.rooflifters.com, used by defendants Rooflifters, LLC; Rooflifters Holding Corp.; Rooflifters Equipment LLC; and Rooflifters General Contracting LLC.

20. The website states that "By providing the combined services of a design build company, general contractor and roof lifting contractor, ROOFLIFTERS is able to maximize cost savings for its clients as the complete source for roof lifting."

21. Plaintiff had no prior relationship with defendants and had not authorized the sending of fax advertisements to plaintiff.

22. The faxes have a "remove" number at the bottom that is associated with the mass broadcasting of advertising faxes.

23. On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

24. On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

25. There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

26. Furthermore, the "opt out notice" required by the TCPA even when faxes are sent with consent or pursuant to an established business relationship was not provided in the

faxes at issue.

## COUNT I – TCPA

27. Plaintiff incorporates ¶¶ 1-26.

28. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

29. The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

**(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

**(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

**(C) both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

30. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

31. Plaintiff and each class member is entitled to statutory damages.

32. Defendants violated the TCPA even if their actions were only negligent.

33. Defendants should be enjoined from committing similar violations in the

future.

## CLASS ALLEGATIONS

34. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendants promoting their goods or services for sale (d) and who were not provided an "opt out" notice that complies with federal law.

35. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

36. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

    b. The manner in which defendants compiled or obtained their list of fax numbers;

    c. Whether defendants thereby violated the TCPA;

37. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

38. A class action is an appropriate method for the fair and efficient

adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

　　　　39.　　Several courts have certified class actions under the TCPA. Hinman v. M & M Rental Ctr., 521 F. Supp.2d 739 (N.D. Ill. Apr. 7, 2008); Sadowski v Med1Online, LLC., 2008 U.S. Dist. LEXIS 12372 (N.D. Ill. May 27, 2008) Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); Lampkin v. GGH, Inc., 146 P.3d 847 (Okla. Ct. App. 2006); Kavu, Inc. v. Omnipak Corp., C06-109RSL, 2007 U.S. Dist. LEXIS 5207, at *22-23 (W.D. Wash. Jan. 23, 2007); Display South, Inc. v. Express Computer Supply, Inc., 961 So.2d 451, 455 (La. App. 1st Cir. 2007); Gene & Gene, LLC v. Biopay, LLC, 240 F.R.D. 239 (M.D. La. 2006); Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH14510 (Oct. 19, 2004); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Ariz. (App.) 94, 50 P.3d 844 (2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see State of Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

　　　　40.　　Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

　　　　WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

　　　　　　a.　　Actual damages;

        b.       Statutory damages;

        c.       An injunction against the further transmission of unsolicited fax advertising;

        d.       Costs of suit;

        e.       Such other or further relief as the Court deems just and proper.


/s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
Julie Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106

T:\21184\Pleading\First Amended Complaint_Pleading.WPD

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

/s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)