IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLEARBROOK, an Illinois corporation, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) 08 C 3276 |
| ROOFLIFTERS, LLC; ROOFLIFTERS HOLDING CORP.; ROOFLIFTERS EQUIPMENT LLC; ROOFLIFTERS GENERAL CONTRACTING LLC; and JOHN DOES 1-10, | ) ) ) Judge Kocoras ) ) Magistrate Judge Cox ) ) |
| DEFENDANTS | ) |

## INITIAL STATUS REPORT

**A.  DATE OF STATUS HEARING**

This matter is set for status on September 4, 2008 at 9:30 a.m.

**B.  ATTORNEYS OF RECORD FOR EACH PARTY**

Daniel A. Edelman, Cathleen M. Combs, James O. Latturner and Julie Clark are counsel for Plaintiff, Clearbrook, an Illinois Corporation.

Alan I. Becker, Stephanie W. Tipton and Erin A. Potempa are counsel for Defendants, Rooflifters, LLC; Rooflifters Holding Corp.; Rooflifters Equipment LLC; and Rooflifters General Contracting LLC.

Trial attorneys are Daniel A. Edelman for Plaintiff and Alan I Becker for Defendants.

**C.  JURISDICTION**

This Court has subject matter jurisdiction under 28 U.S.C. §§1331, 1332(a) and 1332(d).  *See also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

1

Venue and personal jurisdiction exists because Plaintiff alleges acts in Illinois by causing the transmission of unlawful communications into the state. Defendants also have transacted business in Illinois.

**D.　JURY DEMAND**

No jury demand has been made at this time. Defendant intends to request trial by jury.

**E.　NATURE OF CLAIMS ASSERTED**

Plaintiff has alleged that Defendants sent or caused to be sent unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

**F.　RELIEF SOUGHT**

Plaintiff requests certification of a class and judgment in favor of Plaintiff and the class and against Defendant for:

    a.　Actual damages;

    b.　Statutory damages;

    c.　An injunction against the further transmission of unsolicited fax advertising;

    d.　Costs of suit; and

    e.　Such other or further relief as the Court deems just and proper

Defendants deny that class should be certified in this case, and further deny that the Plaintiff or any member of the putative class is entitled to the relief requested.

**G.　SERVICE**

All parties have been served and have appeared through counsel.

**H.　PRINCIPAL LEGAL ISSUES**

The major legal issues are:

    a.    Whether the Plaintiff is entitled to relief under the provisions of the TCPA;

    b.    Whether the requirements of Fed.R.Civ.P. 23 are met, such that the requested class may be certified.

## I. PRINCIPAL FACTUAL ISSUES

The major factual issues are:

    a.    Whether the Defendants sent, or caused to be sent, unsolicited facsimile advertisements;

    b.    Whether there was consent from, or established business relationships with, any of the recipients of the alleged facsimiles;

    c.    How the recipients of the alleged facsimiles were determined;

    d.    What, if any, third parties were involved in the sending of the alleged facsimiles; and

    e.    The damages, if any, to which Plaintiff and/or the putative class are entitled.

## J. ANTICIPATED MOTIONS

    a.    Plaintiff intends to move for class certification should discovery reveal that it is appropriate.

    b.    Both parties anticipate that summary judgment or other dispositive motions may be presented.

## K. PROPOSED DISCOVERY PLAN

    (A)    The parties will make initial disclosures under Fed. R. Civ. P. 26(a)(1) by September 22, 2008.

    (B)    The parties shall each serve initial written discovery on or before October 13, 2008.

    (C)    Amendments to the pleadings and/or joinder of additional parties may be sought upon appropriate motion by March 30, 2009.

    (D)    All fact discovery will close on June 22, 2009.

    (E)    Plaintiff's designation of trial experts (if any), as provided in Fed. R. Civ. P. 26(a)(2), shall be by July 27, 2009. Defendants' designation of trial experts (if any), as provided in Fed. R. Civ. P. 26(a)(2), shall be due by August 24, 2009. Depositions of experts

shall be completed September 28, 2009.

 (F) Any Motion for Class Certification will be filed on or by October 26, 2009.

 (G) Any dispositive motions will be filed on or by November 15, 2009.

**L. TRIAL DATE**

The earliest date that the parties would be ready for trial would be _____, and the parties believe that a jury trial would take approximately 5 days.

**M. STATUS OF SETTLEMENT DISCUSSIONS**

Prior to presenting a settlement demand, Plaintiff will require information related to the size and nature of the putative class. The parties remain willing to discuss settlement.

**N. CONSENT TO MAGISTRATE**

At this point, the parties do unanimously consent to trial before the Magistrate Judge.

| | |
|---|---|
| /s/ Daniel A. Edelman | /s/ Stephanie W. Tipton |
| Daniel A. Edelman | Stephanie W. Tipton |
| Julie Clark | Erin A. Potempa |
| EDELMAN, COMBS, LATTURNER & GOODWIN, LLC | LITCHFIELD CAVO, LLP |
| 120 S. LaSalle Street, 18th Floor | 303 West Madison Street, Suite 300 |
| Chicago, IL 60603 | Chicago, IL 60606 |
| Telephone: 312/739-4200 | Telephone: 312/781-6570 |
| Facsimile: 312/419-0379 | Facsimile: 312/781-6630 |

**CERTIFICATE OF SERVICE**

        I, Julie Clark, certify that on August 28, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Stephanie W. Tipton
Erin A. Potempa
Litchfield Cavo LLP
303 W. Madison Street
Suite 300
Chicago, IL 60606
Telephone:  312/781-6570
Facsimile:  312/781-6630
tipton@litchfieldcavo.com


                                                 /s/ Julie Clark
                                                 Julie Clark

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Julie Clark
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)