# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Susan E. Cox | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3276 | **DATE** | 7/20/2010 |
| **CASE TITLE** | Clearbrook vs. Rooflifters, LLC, et al | | |

**DOCKET ENTRY TEXT**

The Court certifies the following class: (a) all persons located within the U.S. as identified in the records produced by Defendants (b) who, during February 2008, (c) were sent unsolicited faxes by or on behalf of defendants promoting their goods or services for sale.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

     Clearbrook brought this action against Rooflifters, LLC, various Rooflifters subsidiaries, and ten unknown individuals (collectively referred to as "Rooflifters") for allegedly violating the Telephone Consumer Protection Act ("TCPA"), which prohibits the sending of unsolicited fax advertisements.[1] On April 9, 2010, Clearbrook filed a motion for class certification pursuant to Federal Rule of Civil Procedure 23.[2] On June 28, 2010, this Court denied that motion without prejudice because we could not determine the precise class that Clearbrook wished to certify.[3]

Specifically, we could not determine whether Clearbrook sought to certify a class of individuals that received unsolicited faxes, which is typical in TCPA claims, or whether Clearbrook sought to certify a class that received faxes, both solicited and unsolicited, that lacked an "opt-out" notification as required by the statute. Due to this confusion, we denied Clearbrook's motion and granted it leave to file a revised definition by July 2, 2010. On July 2, 2010, Clearbrook filed a "response" to the Court's memorandum opinion and order, proposing the following class definition: "(a) all persons located within the U.S. as identified in the records produced by Defendants (b) who, during February 2008, (c) were sent faxes by or on behalf of defendants promoting their goods or services for sale." [dkt. 56]. We now certify that class definition, with a slight modification.

     The new proposed class definition does not clear up our confusion. Instead of answering our question directly, Clearbrook refers to a list of fax numbers purchased by Rooflifters from a third party. It appears that Clearbook attempts to assert the following: because the list was purchased from a third party, and no further verification was made by Rooflifters regarding consent, all individuals on the list must be non-consenting.[4] As stated in the Court's June 28, 2010 order, however, lack of permission or consent is typically a necessary element to a prima facie case for a TCPA claim, and at least one court has denied class certification where this element was missing from the class definition.[5] Clearbrook's new class definition still lacks this explicit element. Nevertheless, due to Clearbrook's response, we will assume Clearbrook intends to proceed under the typical theory that the class includes individuals that received only unsolicited faxes. With a slight modification to Clearbrook's current proposed definition, class certification is granted. Furthermore, we believe making such

| STATEMENT |
|---|
| a modification is appropriate.[6] Therefore, the Court certifies the following class: (a) all persons located within the U.S. as identified in the records produced by Defendants (b) who, during February 2008, (c) were sent unsolicited faxes by or on behalf of defendants promoting their goods or services for sale. |

1. 47 U.S.C. §227.

2. Dkt. 51.

3. Dkt. 55.

4. *See CE Design Ltd. v. Cy's Crabhouse North, Inc.,* 259 F.R.D. 135, 142-43 (N.D. Ill. July 27, 2009)(discussing that when a sender of a fax advertisement purchases numbers and takes no steps to verify consent of the recipients, all individuals on the list are deemed non-consenting class members).

5. S*ee G.M. Sign, Inc. v. Franklin Bank. S.S.B.*, No. 06 C 949, 2008 WL 2410427 at *2 (N.D. Ill. June 11, 2008).

6. *Hinman v. M and M Rental Center, Inc.,* 545 F.Supp.2d 802, 804, 807-08 (N.D. Ill. Apr. 7, 2008)(revising the plaintiffs' proposed class definition).